UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NEVBRA WALKER** * CIVIL ACTION NO. 6:15-cv-02169

**VERSUS** * JUDGE: ELIZABETH FOOTE

**WAL-MART STORES, INC., WAL-MART LOUISIANA, LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** * MAG. JUDGE: CAROL WHITEHURST

*********************************************************************

**MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendants, Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC and National Union Fire Insurance Company of Pittsburgh, PA, submit this Memorandum in Support of their Motion for Summary Judgment adverse to Plaintiff, Nevbra Walker. For the reasons stated below, no genuine issue of material fact exists and Defendants are entitled to judgment as a matter of law. In this case, Plaintiff cannot satisfy any component of La. R.S. 9:2800.6.

**I.   FACTUAL BACKGROUND**

In her original Complaint, Plaintiff claims that on August 20, 2014, while shopping in the Wal-Mart Store in Broussard, La., she slipped and fell in water allegedly leaking from the roof resulting in injuries. (Doc. 1).

In her April 26, 2016 deposition, Plaintiff testified she first passed through the deli/bakery area, passing over the area where she would eventually fall, to get sandwich meat. Because no one was available to assist her at that time, she proceeded to another part of the store, before returning to the deli/bakery area. The first time she

1

passed over the area where she eventually fell, there was no water on the floor. Shortly thereafter, a heavy rain downpour began. It was on her second pass over the area, in route back to the deli/bakery area, that she fell in water she believed to have leaked from the roof during the downpour. She testified a period of about ten to fifteen minutes elapsed between the time she first passed over the area and the second time she passed, when she slipped and fell. She further testified a period of five to ten minutes elapsed between the time of the downpour and the time she slipped. (Exhibit A—Deposition of Nevbra Walker, page 26-29). Otherwise, she did not know how long the water had been on the floor or of any Wal-Mart employee who knew the water was on the floor. (Exhibit A—Deposition of Nevbra Walker, page 37).She testified there were no footprints, buggy tracks, or skid marks through the water. (Exhibit A—Deposition of Nevbra Walker, page 33).

## II. LAW AND ARGUMENT

### A. Law Applicable to Summary Judgment.

Federal Rules of Civil Procedure, Rule 56, provides that a party may move for summary judgment identifying each claim or defense on which the summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

### B. Louisiana Merchant Liability Act

This case is governed by the Louisiana Merchant Liability Act, La. R.S. 9:2800.6, which sets forth the burden of proof in claims against merchants, as follows:

2

### § 2800.6 Burden of proof in claims against merchants

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6 provides that the plaintiff shall have the burden of proving, in addition to all other elements of their cause of action, that the **merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence**, and failed to exercise reasonable care. The statute goes on to define constructive notice and states that in order for a claimant to prove constructive notice, a claimant must show that the condition existed for <u>**such a period of time**</u> that it

3

would have been discovered if the merchant had exercised reasonable care. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188 (La. 1999); and *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37 (La. 2000).

The "temporal element" requirement has been thoroughly discussed by the Louisiana Supreme Court. In *White v. Wal-Mart Stores, Inc., supra*, a customer sued Wal-Mart to recover from injuries in a fall allegedly caused by a spilled liquid in an aisle of the store. In interpreting La. R.S. 9:2800.6, the Louisiana Supreme Court stated:

> This statute is clear and unambiguous. The statute uses the mandatory "shall". Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. **There is a temporal element included: "such a period of time…" The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.**
>
> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time…" Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; **however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute**. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.1

---

1 *White*, 699 So.2d at 1084 – 1085.

4

The Louisiana Supreme Court in *White* noted that the plaintiff had failed to present any record evidence that the spill had been on the floor for "any length of time." In dismissing the plaintiff's claim, the Louisiana Supreme Court went on to state:

> Again, there is no provision in La. R.S. 9:2800.6 that allows shifting the burden to the defendant to disprove his culpability as the lower court clearly did. As previously discussed, defendant need not come forward with positive evidence of the absence of the spill. Such would require the defendant to prove a negative and is not within the clear and unambiguous language of the statute. Furthermore, the lack of evidence showing the non-existence of the spill is not evidence of the existence of the spill, but merely the absence of evidence. Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence cannot support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action.
>
> The statute is clear. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. **<u>Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence.</u>**

After the Louisiana Supreme Court decided the *White* case in September, 1997, the Court took up the issue once again in April, 1999 in *Kennedy v. Wal-Mart Stores, Inc., supra*. In that case, a customer sued the store after he slipped in a puddle near the cash registers. The plaintiff claimed the store had constructive notice because the spill was in very close proximity to the Wal-Mart employees at the cash registers. The Court once again held that the plaintiff did not prove the store's constructive notice of the condition because there was an absence of evidence as to the length of time the puddle had been on the floor before the accident, despite the plaintiff's argument that the general area where he fell was within view of a customer service podium and that it

was raining on the evening in question. Therefore, the Court held the plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition and reversed the lower court's decision.[2]

Following *White* and *Kennedy*, the Louisiana Supreme Court again took up the issue of constructive notice, this time as <u>the result of a lower court granting the defendant store's Motion for Summary Judgment.</u> In *Babin v. Winn-Dixie Louisiana, Inc., supra*, a customer filed suit against the store, seeking to recover damages for injuries he allegedly sustained in a slip and fall accident on toothpick boxes in the store. The district court granted the store's Motion for Summary Judgment, and the Court of Appeal reversed. The Louisiana Supreme Court held that the customer had failed to show that the store had constructive notice of the toothpick boxes on the floor, because he failed to demonstrate that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The plaintiff's speculation that the condition *may* have existed for some period of time prior to his fall was insufficient.[3]

Based upon the facts of this case and the Louisiana Supreme Court's interpretation of La. R.S. 9:2800.6, Wal-Mart has met its burden of showing an absence of factual support for all essential elements of Plaintiff's claim. Therefore, following *White*, *Kennedy*, and *Babin*, this case is ripe for summary judgment.

Plaintiff testified the water came from a leaking roof due to a downpour which began after she had entered the store. She admitted that she knew of no employee who knew that the water was on the floor prior to her accident, and that she did not know

---

2    *Kennedy*, 733 So.2d at 1190-91.
3    *Babin*, 764 So.2d at 40.

how long the water had been on the floor prior to the accident. In fact, according to Plaintiff's testimony, the water could not have been on the floor for longer than five to ten minutes. Several cases have held five minutes is an insufficient amount of time to impose constructive notice on a merchant.[4] Plaintiff cannot affirmatively show the water was on the floor for longer than five minutes. It is her burden to go forward with sufficient evidence to prove her case at trial, and she cannot meet this burden. As a result, Defendant's Motion for Summary Judgment should be granted and Plaintiff's claims should be dismissed with prejudice and at her cost.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully pray that Summary Judgment be granted, completely dismissing Plaintiff's Complaint with prejudice and at her cost. Plaintiff cannot meet any element of her burden under R.S. 9:2800.6. Plaintiff has no information to prove that the spill involved in the accident was either created by any of Defendants' employees, that any employee had actual notice of the spill prior to the accident, or that the spill was present for any period of time such that it should have been discovered in the exercise of reasonable care.

---

4   See e.g. *Murray v. Chick-Fil-A*, 2015 U.S. App., p. 6-7 LEXIS 17279 (5th Cir.2015); *Noel v. Target Corp. of Minnesota*, 2007 U.S. Dist. LEXIS 68305, p. 5-6 (W.D. La. – Lake Charles 2007); *Johnson v. Brookshire Brothers, Inc.*, 2013 U.S. Dist. LEXIS 144889, p.8 (W.D.La. – Alexandria 2013).

Respectfully submitted,

**Davidson, Meaux, Sonnier, McElligott Fontenot, Gideon & Edwards**


*s/David J. Calogero*
DAVID J. CALOGERO -1748
810 South Buchanan Street
P. O. Box 2908
Lafayette, LA   70502-2908
Telephone:   337-237-1660
Facsimile:   337-237-3676
**Attorney for Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC and National Union Fire Insurance Company of Pittsburgh, PA**

## CERTIFICATE

I HEREBY CERTIFY that on May 24, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.


*s/David J. Calogero*
DAVID J. CALOGERO -1748