UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NEVBRA WALKER** * CIVIL ACTION NO. 6:15-cv-02169

**VERSUS** * JUDGE: ELIZABETH FOOTE

**WAL-MART STORES, INC., WAL-MART LOUISIANA, LLC and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA** * MAG. JUDGE: CAROL WHITEHURST

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFF'S OPPOSITION TO
WAL-MART'S MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, come Defendants, Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC and National Union Fire Insurance Company of Pittsburgh, PA, (collectively "Wal-Mart"), who file this reply to Plaintiff's Opposition to Wal-Mart's Motion for Summary Judgment (Doc. 18). Plaintiff has not shown that Wal-Mart created the roof leak which led to her accident or that Wal-Mart had actual or constructive notice of this particular roof leak, as is required to meet her burden under La. R.S. 9:2800.6.

## I. WAL-MART DID NOT CREATE THE ROOF LEAK.

It is undisputed that the roof leak which caused Plaintiff's accident resulted from a heavy downpour of rain which began shortly after Plaintiff entered the store.[1] The Fifth Circuit has found that summary judgment is appropriate in favor of merchants in cases such as this, where there is no evidence that Wal-Mart created the condition.[2] In *Gray v. Wal-Mart*, the Court found the plaintiff failed to show that Wal-Mart employees were responsible for holes in the roof or that Wal-Mart was responsible for maintaining its

---

[1] Plaintiff's Complaint, Doc. 1, ¶5. See also Plaintiff's Deposition, page 26-29 attached as Exhibit 1 to Wal-Mart's Motion for Summary Judgment.
[2] *Gray v. Wal-Mart Louisiana, LLC*, 484 Fed.Appx. 963 (5th Cir. 2012).

1

own roof. Plaintiff has not presented any evidence that Wal-Mart caused the holes in the roof or was responsible for maintaining its roof. Plaintiff's summary judgment evidence actually shows the opposite; that a third party contractor performed the roof repairs. Thus, she has failed to show Wal-Mart created the condition.

## II. WAL-MART DID NOT HAVE ACTUAL OR CONSTRUCTIVE NOTICE OF THE ROOF LEAK.

Plaintiff contends that Wal-Mart had actual or constructive notice of the roof leak based on roof repair records submitted by Wal-Mart. However, these repair records do not evidence any prior roof leak at the site of this accident.

### a. The accident was caused by leaking rain water—not other water intrusion issues.

Plaintiff suggests that because the Wal-Mart store had other water intrusion issues (such as leaking skylights, A/C vent condensation, and roof drain issues), Wal-Mart had notice of the roof leak which caused this accident. However, it is undisputed that the water in which Plaintiff slipped was caused by rain water leaking through the roof.[3] Thus, the existence of other alleged water intrusion issues is irrelevant and does not constitute notice to Wal-Mart that the roof was going to leak at this particular location due to heavy rainfall.

### b. The roof leak at the site of the accident in the deli/bakery area was the first roof leak in this area.

Plaintiff argues that repair records and invoices show the existence of roof leaks in the Wal-Mart store in the "back hallway, restrooms and grocery department." (Plaintiff's Opposition (Doc. 18), page 3, citing Plaintiff's Exhibit 1 (Doc. 18-1, page 9)). However, Plaintiff produced no summary judgment evidence that the roof leaks noted in

---

[3] Plaintiff's Complaint, Doc. 1, ¶5. See also Plaintiff's Deposition, page 26-29 attached as Exhibit 1 to Wal-Mart's Motion for Summary Judgment.

2

the repair records included the roof leak at the area where Plaintiff fell. In fact, Plaintiff deposed three Wal-Mart employees on June 27, 2016. Nothing stated in these depositions established that the roof leaks identified in the service records were the same as the roof leak at the area where Plaintiff fell. Therefore, plaintiff's conclusion that the roof leaks noted in the work orders constituted notice that the roof was leaking at the site of the accident is mere speculation, which is insufficient to defeat summary judgment.

Contrary to Plaintiff's speculation, the particular area of the roof where the accident occurred is in the *bakery/deli area*, which is separate from the grocery department. This area of the roof had not leaked prior to the accident. The affidavit of Roxanne Duhon, Assistant Manager at the Wal-Mart store where the accident occurred, and who completed the accident report, attests to these facts (Exhibit A).

Plaintiff cites *Louviere v. Wal-Mart* for the proposition that Wal-Mart had constructive notice of the leak which caused the accident based on service repair records. Unlike the present case, the accident in *Louviere* was the result of a leaking HVAC component that was known to Wal-Mart. Significantly, it was the leaking HVAC system which had caused the puddle of water in which Plaintiff slipped.[4] Conversely, in this case, the service records produced by Wal-Mart and attached as Exhibit 1 to Plaintiff's Opposition, evidence prior roof leaks in "the back hallway, restrooms, and grocery department," as well as other leaking issues, such as skylights and drain pipes. **This accident did not occur because of roof leaks in the back hallway, restrooms, or grocery department or because of leaking skylights or drain pipes.** (See Affidavit of Roxane Duhon). Therefore, evidence of prior leaks in other places and/or

---

[4] *Louviere v. Wal-Mart Louisiana, LLC*, 3:12-2746, 2014 WL 3341586 (W.D. La. July 8, 2014).

caused by other problems does not impose constructive notice on Wal-Mart of the roof leak in the bakery/deli department on the date of the accident.

The Fifth Circuit case of *Gray v. Wal-Mart* is more analogous.[5] In *Gray*, the plaintiff fell in a puddle of water apparently resulting from a roof leak during a hurricane. The Court affirmed summary judgment in favor of Wal-Mart, despite Plaintiff's argument that Wal-Mart's knowledge of other leaks in the store constituted notice of the leak which caused Plaintiff's accident. Similarly, in *Leger v. Wal-Mart,* the Fifth Circuit granted summary judgment in Wal-Mart's favor, holding that the plaintiff's "conjecture about past leaks and the source of the water on the floor cannot substitute for the complete lack of evidence concerning how long the water had been on the floor prior to the accident in question."[6] Likewise, as pointed out in Wal-Mart's Motion for Summary Judgment, Plaintiff has no evidence to show how long the water was on the floor. Plaintiff's testimony only postulates that the water could have been on the floor for five to ten minutes. Nevertheless, this is an insufficient amount of time to impose constructive notice on Wal-Mart. Several cases have held this duration of time is insufficient to impose constructive notice on a merchant. See e.g. *Delahoussaye v. Delchamps, Inc.*, 96-1677 (La.App. 3 Cir. 4/30/97, 5); 693 So.2d 867, 870 (**five minutes** insufficient lapse of time to impose constructive notice); *Williams v. Rouse's Enterprises, Inc.*, 96-1607 (La.App. 1 Cir. 5/9/97, 5); 693 So.2d 1298, 1300 (**six minutes** insufficient lapse of time to impose constructive notice); *Nash v. Rouse's Enterprises, LLC*, --- So.3d ----, 2016 WL 760269, 2015-1101 (La.App. 1 Cir. 2/26/16) (period of up to **ten**

---

[5] *Gray, supra.*
[6] *Leger v. Wal-Mart Louisiana LLC*, 343 Fed.Appx. 953, 955 (5th Cir.2009).

**minutes** insufficient to impose constructive notice). And nothing in the summary judgment evidence actually satisfies the temporal component of R.S. 9:2800.6.

### III. CONCLUSION.

The roof repair records attached as Exhibit 1 to Plaintiff's Opposition do not defeat Wal-Mart's Motion for Summary Judgment, because they do not even suggest that Wal-Mart created the hazard. Neither does Plaintiff's evidence show that Wal-Mart had actual or constructive notice of the roof leak in the particular area where the accident occurred—the bakery/deli. Further, the undisputed evidence shows this was the first time the roof had leaked in the bakery/deli area. Accordingly, Plaintiff cannot meet her burden of proof under La. R.S. 9:2800.6, and Wal-Mart is entitled to summary judgment dismissing Plaintiff's claims.

Respectfully submitted,

**Davidson, Meaux, Sonnier, McElligott Fontenot, Gideon & Edwards**

*s/David J. Calogero*
DAVID J. CALOGERO – 1748
810 South Buchanan Street
P. O. Box 2908
Lafayette, LA   70502-2908
Telephone:   337-237-1660
Facsimile:   337-237-3676
**Attorney for Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC and National Union Fire Insurance Company of Pittsburgh, PA**

**CERTIFICATE**

I HEREBY CERTIFY that on July 6, 2016, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/David J. Calogero*
DAVID J. CALOGERO – 1748