UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NEVBRA WALKER | CIVIL ACTION NO. 15-2169 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WAL-MART STORES, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM ORDER

Before the Court is the Motion for Summary Judgment [Record Document 14] filed by Defendants, Wal-Mart Stores, Inc., Wal-Mart Louisiana, LLC, and National Union Fire Insurance Company of Pittsburgh, PA. This motion seeks to have Plaintiff's claim for damages dismissed with prejudice. Plaintiff has filed an opposition to the motion [Record Document 18]. For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This suit arises out of a slip and fall incident at a Wal-Mart store in Broussard, Louisiana on August 20, 2014. Record Document 1, p. 3. Plaintiff alleges that on that date she slipped in water pooled on the floor. In her complaint, Plaintiff stated that the water was "rain water pooled on the floor due to the roof leaking," though Plaintiff now suggests the water may have come from another source, such as a leak due to problems with piping, the HVAC system, or roof drain pipes. Id.; Record Document 18, p. 9. Plaintiff alleges that because of this accident, she sustained serious injuries and has incurred, and

will continue to incur, obligations for treatment and care. Thus, Plaintiff filed this suit seeking damages for her alleged injuries.

The Defendants frame the facts of this case using Plaintiff's deposition testimony. In her deposition, Plaintiff testified that she first passed through the deli/cake-decorating area, where she would eventually fall, to get ham from the deli. Record Document 14-3, p. 7. When she was unable to get the attention of the deli staff, Plaintiff proceeded to another area of the store with the intention of returning to the deli after collecting other items. Plaintiff stated the area was dry at that time. Plaintiff stated that she heard rain hitting the roof of the store after she left the deli. She described it as a "hard downpour." Id. Approximately ten to fifteen minutes after leaving the deli, Plaintiff returned to the deli area and slipped in a water puddle. Id. Plaintiff claims to have slipped approximately five to ten minutes after she heard the rain. Id. at p. 8. She described the water on the floor as clear, and said there were no buggy tracks, footprints, or skid marks through the puddle. Id. at 9.

## STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on

---

[1] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. See id. at 322-323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Id. (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985) (internal citations omitted); Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. Little, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

The parties agree that this case is governed by Louisiana Revised Statute 9:2800.6, which sets out the burden of proof in claims against merchants. The statute provides, in part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
> (1) "Constructive notice" means the claimant has proven

> that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6. Failure to establish any one of the elements of La. R.S. 9:2800.6 is fatal to Plaintiff's claim. In order to meet the second element of her cause of action, Plaintiff must show either: 1) the merchant created the condition which caused her harm; 2) while it did not create the condition which caused her harm, the merchant had actual notice of the condition; or 3) while it did not create the condition which caused the harm, the merchant had constructive notice of the condition. Davis v. Cheema, Inc., 2014-1316 (La. App. 4 Cir. 5/22/15); 171 So. 3d 984, 989.

Defendants claim that Plaintiff cannot meet her burden of showing that Wal-Mart either created or had actual or constructive notice of the condition which caused the damage. Specifically, Defendants argue Plaintiff cannot prove that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care," which is required to establish constructive notice. Id. Defendants cite Plaintiff's deposition testimony that she did not know how long the water had been on the floor, and had not seen any Wal-Mart employees in the area. Record Document 14-3, p. 8, 10. In addition, Defendants assert that, according to Plaintiff's testimony, the water could not have been on the floor for longer than five to ten minutes. Record Document 14-

1, p. 7. Defendants cite to cases in which courts have found five minutes to be an insufficient amount of time to establish constructive notice, and assert that Plaintiff cannot affirmatively show that the water was on the floor for longer than five minutes. Id. Record Document 22, p. 4.

In her opposition, Plaintiff argues that Defendants may have created the condition or had actual notice of the condition which caused her injuries. Record Document 18, p. 4. In support of her contention, Plaintiff references work orders, invoices, and other documents all pertaining to various roofing and leak issues at the Wal-Mart store in which she fell. See Record Document 18-1. These documents show a history of roofing and leak issues and repairs from April 2014 through August 2014. Of particular relevance is a repair form and work order entry evidencing work completed on August 14, 2014, approximately one week before this incident took place. Record Document 18-1, pp. 10, 14. The work order lists problems such as "Wind Storm Damage" and "Many leaks throughout the building during rain storms." Id. at p. 14. These documents show that a roofing company made one repair, but did not address multiple other leaks because they were not classified as "roofing issues." For example, the repair form includes the notation, "Leaks over Aisles 25, 21, 23, and 6 are caused by condensation from pipes. Not a roofing issue." Id. at p. 10. The work order record contains a notation that "HVAC and Plumbing need to address these issues," presumably referring to the issues left unaddressed by the roofers. Id. at p. 14. Plaintiff argues that these documents evidence a genuine issue of material fact as to whether Wal-Mart created or had constructive notice of the condition that caused this accident.

In order to establish constructive notice, Plaintiff must make some positive showing that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of reasonable care. White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97); 699 So. 2d 1081, 1086. "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." Id. at 1084-85. The Court agrees with Defendants that Plaintiff has failed to satisfy the temporal element required to prove constructive notice. Plaintiff has not provided any evidence showing that the water was on the floor for some time prior to her fall. Plaintiff's own testimony suggests the water was on the floor for *no longer* than ten to fifteen minutes, but it does not even tend to establish a minimum length of time the water was on the floor. Record Document 14-3, p. 7; see White, 699 So. 2d at 1086 ("[T]he absence of evidence is fatal to the claimant's cause of action."); see also Babin v. Winn-Dixie La., Inc., 00-0078 (La. 6/30/00); 764 So. 2d 37, 40 (finding the district court's grant of summary judgment proper when plaintiff was unable to produce any factual support for his contention that toothpick boxes were on the floor for some period of time before his fall).

Plaintiff can alternatively satisfy the second element of her claim by showing Defendants created or had actual notice of the condition that caused her injuries. As to

Page 7 of 11

actual notice, Plaintiff has not presented any evidence which suggests that Defendants knew of the water on the floor that day. Cf. Ward v. ITT Specialty Risk Servs., Inc., 31,990 (La. App. 2 Cir. 6/16/99), 739 So. 2d 251, 254 (finding it undisputed that the defendant had actual notice when store manager admitted that he saw water at the front of the store). In fact, Plaintiff testified that she did not see any Wal-Mart employees in the area of her fall other than those behind the bakery or deli counter, she did not see any wet floor signs, and she did not hear any Wal-Mart employees mention that they knew how the water came to be on the floor. Record Document 14-3, pp. 8, 9. Plaintiff cites evidence of roofing and leak issues at this particular Wal-Mart, but never explains how these documents evidence knowledge of a leak in the area where Plaintiff fell. Plaintiff refers the Court to Louviere v. Wal-Mart Louisiana, LLC, No. 3:12-2746, 2014 WL 3341586 (W.D. La. July 8, 2014) (Trimble, J.), a case in which the court found the presence of genuine issues of material fact as to whether Wal-Mart created the condition that caused the accident and/or whether Wal-Mart had constructive notice of the condition. Like Plaintiff, Louviere slipped and fell on a clear substance she believed to be water dripping from the ceiling. Louviere, 2014 WL 3341586, at *1. Summary judgment evidence included deposition testimony of Wal-Mart employees as to a history of leaks from the ceiling and air conditioner HVAC tubes, as well as "numerous work/repair orders wherein leaks were found which were caused by dripping from condensation from HVAC lines." Id. at *4. In addition, the court cited an expert's opinion that the leak that caused Louviere's accident was "from the rack house and/or HVAC Air conditioning tubes," and that there was "evidence of a long standing pattern of leakages

with regard to the pipe rack." Id. at *5. Finally, the former owner of Clifford Lee and Associates, the repair and maintenance contractor for this particular Wal-Mart (as well as the Wal-Mart involved in the instant case) testified to a history of leaks and explained that the cause of the leaks was uninsulated cooling system pipes. In Louviere, "The HVAC piping was directly above the area where the accident occurred." Id. Thus, not only was the court presented with plentiful documentary evidence and testimony showing a history of leaks and issues related to the piping system, the court found that the source of the problem was "directly above" the area where the plaintiff fell.

This Court has not been presented with evidence which shows that Wal-Mart was aware of leaks or roofing issues in the area where Plaintiff fell. Plaintiff provides documentary evidence suggesting leaks in other areas of the store, but never makes the claim that this evidence shows leaks in the area where the accident actually occurred. On this point, Defendants assert that this area of the roof had never leaked prior to the accident, and cite the affidavit of Roxanne Duhon, the Assistant Manager at the Wal-Mart store, in support of this assertion. Record Documents 22, p. 3; 22-1. Because Plaintiff has not presented any evidence which suggests that Defendants knew of the water on the floor that day, or that Defendants knew of a leak in the area where this accident occurred, Plaintiff has failed to establish an issue of material fact regarding whether Defendants had actual notice.

Defendants also cite Gray v. Wal-Mart Louisiana, LLC, 484 F. App'x 963 (5th Cir. 2012). In Gray, the plaintiff slipped in a puddle of clear liquid on a stormy day. 484 F.

Page 9 of 11

App'x at 964. A Wal-Mart supervisor identified a hole in the roof as the source of the puddle on an internal incident report, though he later testified that the report was based on an assumption, which was based on his knowledge of other leaks in the roof and the fact that it had been raining. The plaintiff cited this incident report as evidence of a genuine issue of material fact regarding whether Wal-Mart created or had actual knowledge of the condition. The Fifth Circuit found that the incident report did not establish an issue of fact because plaintiff presented no evidence that Wal-Mart had actual knowledge of the leak before the accident and had not cited to any cases wherein similar evidence established that a merchant had created a condition. In order to show that a merchant "created" the condition, "courts have required proof that an employee's action caused the plaintiffs' injury." Id. at 966 (citing Ross v. Schwegmann Giant Super Markets, Inc., 98-1036 (La. App. 1 Cir. 5/14/99); 734 So. 2d 910, 913 ("[T]he wording of [La. R.S. 9:2800.6(B)(2)] ... means there must be proof that the merchant is directly responsible for the spill or other hazardous condition. In this case, there is no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee.")). The Court found that in order to show Wal-Mart created the condition that caused the injury, "Appellants must create an issue of fact regarding whether a Wal-Mart employee was responsible for causing the leak that injured Gray." Id.

Here, Plaintiff has not provided the Court with evidence that Wal-Mart created the leak or the puddle, whatever its source. As previously discussed, Plaintiff has also failed to show actual or constructive notice. Defendants have therefore met their burden of showing

an absence of supporting evidence for an essential element of Plaintiff's claim, and Plaintiff has failed to show an issue of material fact regarding that element. See Little v. Liquid Air Corp., 37 F.3d at 1075.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment [Record Document 14] be and is hereby **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's claims are hereby **DISMISSED with prejudice**. A judgment consistent with this Memorandum Order will issue herewith.

**THUS DONE AND SIGNED** this 4th day of November, 2016 in Shreveport, Louisiana.

```
_____
JUDGE ELIZABETH E. FOOTE
UNITED STATES DISTRICT COURT
```